IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JEREMY GARCIA and CG,

          Plaintiffs,

      v.

ALEXANDER JONES; SHELBY
FOLDEN; LINN COUNTY COURT
HOUSE; LINN COUNTY SHERIFF;
ALBANY POLICE DEPARTMENT;
and OREGON STATE CREDIT
UNION,

          Defendants.

Civ. No. 6:22-cv-00118-AA

**OPINION AND ORDER**

---

AIKEN, District Judge:

Plaintiff Jeremy Garcia[1] seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff also moves for appointment of counsel. ECF No. 3. For the reasons set forth below, plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED with leave to refile. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court shall defer ruling on plaintiffs' IFP petition, ECF No. 2, pending submission of an amended complaint.

## STANDARDS

---

[1]    Plaintiff also names his minor son, CG, as a plaintiff in this case.

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff brings this action against Shelby Folden, who he alleges is the respondent in the "family case" with plaintiff, who is apparently the petitioner. He also names as defendants Alexander Jones, who is Folden's attorney; Linn County Court House; Linn County Sherriff; the Albany Police Department; and the Oregon State Credit Union in Albany. ECF No. 1 at 2-3.

Plaintiff alleges that the basis for the Court's jurisdiction concerns a Federal Question involving neglect, negligence, forgery, harassment, intimidation, fraud, invasion of privacy, illegal phone tapping, stalking, slander, defamation of character, identity theft, and falsifying of government documents. *Id.* at 4-5.

Concerning plaintiff's claim for relief, he states that each "government entity" named as a defendant in this case has "allow[ed] fraudulent papers" to be filed, and

that the government defendants "ignore [his] request for certificates of service." *Id*. at 5. Plaintiff further alleges that he and his minor son were run off the road and face "harassment every day." *Id*. Finally, plaintiff contends that he is "stalked" by Albany Police Department in violation of his equal rights. *Id*. at 5-6.

Plaintiff asserts that he is entitled to relief including "witness protection" and "relocation at the expense of defendants," as well as "psychological," "punitive damages," and "emotional damage[s]." Finally, he alleges that the amount in controversy is $3,000,000 based on "payment for lost wages." *Id*. at 5.

Plaintiff's Complaint does not set out separate claims for relief. It is unclear to the Court what role each defendant had in any of the alleged violations. Concerning the alleged violations, plaintiff does not set forth facts sufficient to understand what, in plaintiff's view, happened that caused the harm he alleges.

Section III of the Complaint requires a brief statement of facts showing that the plaintiff is entitled to relief against each defendant. However, plaintiff fails to allege facts demonstrating how each defendant was involved and what each defendant did that caused plaintiff harm or violated his rights. Similarly, Section IV of the Complaint requires plaintiff to include the basis for the relief requested, precisely what damage amounts he asks the Court to order, and the reasons plaintiff is entitled to actual or punitive damages. Plaintiff does not set out specific amounts for the "punitive" "emotional" or "psychological" damages he alleges, nor does he plead the basis for those damages.

In the absence of adequately alleged facts, the Court must conclude that plaintiff has failed to state a claim and the Complaint must be dismissed. Because plaintiff is *pro se*, he will be given leave to file an amended complaint. *See* FRCP 12 (b)(6). In drafting the amended complaint, plaintiff should include a short and plain statement of his claim or claims laying out the facts of his case, exactly how he believes the defendant or defendants have harmed him, and why those defendants should be held liable for his injury.

Finally, the Court declines to appoint counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, the Court declines to appoint pro bono counsel as plaintiff has failed to state a claim. Plaintiff may renew his motion for appointment of counsel when he files his amended complaint.

//

//

//

//

//

//

//

//

**CONCLUSION**

For the reasons stated above, plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED.  Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend.  Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.  Failure to do so within the allotted time will result in dismissal of this action.

It is so ORDERED and DATED this _____16th_____ day of February 2022.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge