IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

JEREMY GARCIA; C.G.,

        Plaintiffs,

v.

ALEXANDER JONES; SHELBY
FOLDEN; LINN COUNTY COURT
HOUSE; LINN COUNTY SHERIFF;
ALBANY POLICE DEPARTMENT;
OREGON STATE CREDIT UNION,

        Defendants.

Civ. No. 6:22-cv-00118-AA

**OPINION AND ORDER**

-

AIKEN, District Judge:

*Pro se* Plaintiff Jeremy Garcia[1] originally sought leave to proceed *in forma pauperis* ("IFP") in this action, ECF No. 2, and moved for appointment of counsel, ECF No. 3. After screening Plaintiff's Complaint, ECF No. 1, under 28 U.S.C. § 1915(e)(2)(B), the Court determined that Plaintiff failed to state a claim according to Federal Rule of Civil Procedure 12(b)(6) and dismissed the Complaint with leave to amend. *See* Order, at 4, ECF No. 8. The Court also denied Plaintiff's motion for appointment of counsel with leave to refile. *Id.* The Court deferred ruling

---

[1]    Plaintiff also names his minor children, CG, JG, and TG as Plaintiffs. Plaintiff is not an attorney, and he may not represent the legal interests of his children. Accordingly, CG, JG, and TG are dismissed from this case without prejudice. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

on Plaintiffs' IFP petition pending submission of an amended complaint.  However, on March 7, 2022, Plaintiff paid the standard filing fee and proceeded without IFP designation. On that day, he also filed his First Amended Complaint.  ECF No. 10 ("FAC").

Now before the Court are several motions.  For the reasons explained below, Defendants' Motions to Dismiss, ECF Nos. 20, 21, and 25 are GRANTED. Defendant's Motion to Stay Discovery, ECF No. 49, is DENIED as moot.  The Court DENIES Plaintiff's Motion to Unseal the Case, ECF No. 12; Motion to Appoint Counsel, ECF Nos. 27 and 30; Motions for Entry of Default Judgment, ECF Nos. 28, 33, 56, and 58; Motion for Alternate Dispute Resolution, ECF No. 51; and Motion for Conflict of Interest, ECF No. 52.

## BACKGROUND

Plaintiff filed his original Complaint on January 24, 2022, bringing claims against his former domestic partner, Shelby Folden ("Folden") with whom he is involved in a state court child custody case.  Compl. Ex. 1 at 6, 13-34.  Plaintiff also named as Defendants Folden's lawyer, Alexander Jones ("Jones"); the Albany Police Department ("Albany PD"); Linn County Court House; Linn County Sherriff's Department ("LCSD."); and the Oregon State Credit Union ("OSCU").  Compl. at 2-3.

As the basis for federal jurisdiction, Plaintiff alleged neglect, negligence, forgery, harassment, intimidation, fraud, invasion of privacy, illegal phone tapping, stalking, slander, defamation of character, falsifying government documents.  *Id*. at 4.  He sought $3,000,000.00 in damages for "lost wages" based on defamation, slander,

harassment, neglect, and negligence. *Id*. at 5. As the factual basis for those claims, he alleged that "government entities" have allowed "fraudulent papers to go through" and that he and his son were "ran off the road," and that because he faces "harassment every day," he is "scared to leave the apartment." *Id*. He stated that three Albany police officers harassed and stalked him, and that one officer "peeked" over his fence. *Id*. at 6-7. He asked the Court for "witness protection" and "relocation" for himself and his three minor children. *Id*.

Plaintiff filed exhibits to his Complaint, including a determination by Linn County Circuit Court that Plaintiff's children were in "immediate danger" due to Plaintiff's behavior. The Linn County court also issued an order authorizing law enforcement to use reasonable means of force to recover custody of Plaintiff's children based on the "immediate danger" Plaintiff posed to them. Compl. Ex. 1 at 19-26. Plaintiff also filed as exhibits an invoice from Les Schwab automotive service, on which Plaintiff wrote "Not my card? Identity theft for using my name and account. [Tried] to make report. No luck." *Id*. at 1-5. Similarly, he included a photograph of a television displaying the "Manage your subscription" page for video streaming services "BritBox" and "Paramount+" on which Plaintiff wrote "My old account that was closed [A]ugust 18, 2020." *Id*. at 7. Plaintiff additionally attached a handwritten note that included bank account and credit card numbers. *Id*. at 9-10.

Because Plaintiff sought leave to proceed *in forma pauperis*, the Court reviewed Plaintiff's original Complaint for deficiencies before execution of service. *See* 28 U.S.C. § 1915(a)(1) (providing indigent litigants access to federal courts

regardless of ability to pay filing fee); 28 U.S.C. § 1915(a)(1) (authorizing court to determine whether litigant is unable to pay cost of commencing the action); 28 U.S.C. § 1915(e)(2)(B) (authorizing court to assess whether the action—among other things—fails to state a claim upon which relief may be granted).

The Court determined that Plaintiff failed to set out separate claims for relief and that it was "unclear to the Court what role each defendant had in any of the alleged violations." Order at 4. The Court explained that Plaintiff had not adequately alleged facts demonstrating how each Defendant was involved and what each Defendant did that caused Plaintiff harm or violated his rights. *Id*. The Court further advised that Plaintiff must include the basis for the relief requested and the reasons Plaintiff is entitled to damages. *Id*. In drafting the amended complaint, the Court noted that Plaintiff "should include a short and plain statement of his claim or claims laying out the facts of his case, exactly how he believes the defendant or defendants have harmed him, and why those defendants should be held liable for his injury." *Id*. at 5.

On March 7, 2022, Plaintiff filed his Amended Complaint.[2] Plaintiff did not create a new standard form complaint. Instead, he scratched out the number of damages requested, updating the total to "[$]7,600,000[.00]," and wrote in additional named Defendants "Les Schwab" and "FBI Oregon." FAC at 3, 5. In the section identifying the basis for jurisdiction, Plaintiff checked the box for "Federal question"

---

[2]    Plaintiff also filed a "Revised Statement of Claim" in which he has made minor corrections and adjustments. ECF No. 38. The Court reads it consistently with the Amended Complaint.

jurisdiction.  *Id*. at 4.  However, under the form's prompt to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, Plaintiff left in place his original claims.  Plaintiff did not identify any new authority.  He did, however, attach one additional page setting forth his allegations in more detail.  *Id*. at 7.

Against Linn County Courthouse, he alleges that he is the victim of "sexism" and discrimination.  He claims emotional damages in the amount of $1,500,000.00. *Id*.

Against Albany PD, he alleges "neglect of their sworn duty to serve and protect, Failure to make reports, harassment, allowing identify theft to happen when I've made multiple reports, and abuse of their authority and not keeping proper records and the reports made by myself in over 3-4 months."  Plaintiff claims $2,000,000.00 in "punitive damages."  *Id*.

Against the LCSD, he alleges "neglect of duty when I tried to make reports about [Albany PD]," and that LCSD told Plaintiff that he should "file a report with [Albany PD]."  *Id*.

Against Jones, (Plaintiff's former partner's attorney), he alleges "mishandling court case, misuse[] of [?], Slander[,] Malpractice, and falsifying legal documents." Plaintiff claims $300,000.00 in "punitive damages."  *Id*.

Against OSCU, Plaintiff alleges "falsifying Federal Bank Records, Money laundering, Neglect, Fraud, Harassment, Stalking, intim[idation], Tampering with evidence, [and] destruction of those federal documents."  Plaintiff claims

$3,000,000.00 in "punitive/criminal damages/compensation." *Id.*

Against Les Schwab, Plaintiff alleges "breach of contract, Identify theft, intimidation." Plaintiff claims $600,000.00 in "punitive damages." *Id.*

Against the FBI, Plaintiff alleges "conspiracy to commit murder[,] condoning corruption, excess [violation?] of civil right, invasion of pri[vacy]." Plaintiff alleges that the FBI owes him $3,000,000.00 in punitive damages. *Id.*

Plaintiff did not add or amend claims against Folden, his former partner.

Certain Defendants filed Motions to Dismiss. *See* ECF No. 20 ("Jones MTD"); ECF No. 21 ("OSCU MTD"); ECF No. 25 ("Albany PD MTD"). Plaintiff's Return of Service shows that Plaintiff purportedly hand-delivered legal summons to Defendants. ECF No. 16. On the Return of Service form, Plaintiff checked a box stating, "I served the summons." On one form, Plaintiff noted that he put the legal papers "through the mail slot." Plaintiff himself attempted service on all Defendants except Les Schwab. Plaintiff has not apprised the Court about his manner of attempted service on that Defendant. Plaintiff filed motions for judgment of default against the FBI, Les Schwab, and Linn County Court for failing to appear in the case.

## STANDARDS

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), a party may move to dismiss a case for "lack of subject-matter jurisdiction" and "failure to state a claim upon which relief can be granted," respectively.

## I.    Subject Matter Jurisdiction Under Rule 12(b)(1)

The Court must dismiss any case over which it lacks subject matter

jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000) (citation omitted). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## II.    Failure to State a Claim for Relief Under Rule 12(b)(6)

Federal courts are courts of limited jurisdiction.  A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  As such, a federal court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Dismissal of claims under Rule 12(b)(6) is proper where the complaint lacks a "cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (citation omitted).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility

standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## III.    Service of Process Under Rule 4

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). Under Rule 4, summons may be served with a copy of the complaint by "any person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(1)-(2). Under Rule 12(b)(5), a party may assert, by motion, insufficient service of process. *Fairbank v. Underwood*, 986 F. Supp.2d 1222, 1228 (D. Or. 2013). A defendant's actual knowledge that a complaint was filed does not cure defects in service; service of process in accord with Rule 4 is still required. *See, e.g., Mann v. Castiel*, 681 F.3d 368, 373 (D.C. Cir. 2012) ("[A] defendant's knowledge that a complaint has been filed is not sufficient to establish that the district court has personal jurisdiction over the defendant."). Additionally, the United States Supreme

Court has held that the liberal reading granted to pro se pleadings does not extend to excusing the failure of pro se litigants to comply with clear procedural requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Below the Court addresses Defendants' Motions to Dismiss and Plaintiff's Motions for Default, followed by discussion of remaining motions.

## I.    Motions to Dismiss

### A.    *Albany PD; LCSD*

In a joint Motion to Dismiss, Albany PD and LCSD contend that Plaintiff failed to state a plausible claim for relief. Albany PD MTD at 2. Responding, Plaintiff conceded that LCSD should be dismissed. ECF No. 29 at 1. The Court accepts Plaintiff's concession and the claims against LCSD are dismissed. The remainder of the Court's analysis addresses the allegations against Albany PD.

In its motion to dismiss, Albany PD asserts that Plaintiff has not stated facts, which, accepted as true, state a claim for relief that is plausible on its face. *Id*. at 3. Albany PD argues that Plaintiff's allegations—that Albany PD "allowe[ed] identify theft to happen"—provides no substantive details from which Albany PD can discern a cognizable legal claim. *Id*.

Plaintiff did not amend or explain the allegation in his original Complaint that Albany police officers "harassed" him or "peeked over" his fence. Plaintiff does not set forth any facts from which the Court can discern who, how, when, where, and whether Albany PD has engaged in harassment. Plaintiff does not explain how an

officer "peeking over" Plaintiff's fence violated Plaintiff's rights under federal law. Plaintiff did, however, attach as exhibits records concerning his *own* unlawful conduct that led to law enforcement involvement in general.  But none of those exhibits provide clarity about the facts Plaintiff is alleging against Albany PD. Plaintiff has not pled factual content allowing the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570 (2007)).  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

To the extent that Plaintiff's new allegations in his Amended Complaint can be construed as a claim that Albany PD "failed to investigate" when Albany PD "allowed identify theft to happen," Albany PD correctly argues that Plaintiff is not legally entitled to relief on such a claim.

To have a constitutional right to a benefit a "person clearly must have more than an abstract need or desire and more than a unilateral expectation of it."  *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) (internal quotations omitted).  "He must, instead, have a legitimate claim of entitlement to it." *Id.*   A benefit or expectation of government conduct is not protected by the Constitution if "government officials may grant or deny it in their discretion." *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462-463 (1989).  In the context of mandatory arrest statutes, the Supreme Court has determined there is not constitutionally

protected right to police investigation or enforcement. *Gonzales*, 545 U.S. at 755-762.

In his response, Plaintiff requests more time to "get the necessary reports" to support his claim.  ECF No. 29 at 1.  At this stage of litigation, it is not *support* for Plaintiff's claim that the Court requires—it is a facially plausible claim itself.

The Court, liberally construing Plaintiff's Amended Complaint, cannot glean facts from which a claim for relief may be granted.  The Court previously admonished Plaintiff to set forth "a brief statement of facts showing that [Plaintiff] is entitled to relief against each defendant" and to "allege facts demonstrating how each defendant was involved and what each defendant did that caused plaintiff harm or violated his rights."  Order at 4.  Plaintiff's Amended Complaint fails to do so.

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992).  The liberal amendment policy provided in Rule 15(a) is based on the intended purpose of the Rule: facilitating decisions on the merits instead of on technicalities or pleadings. *In re Morris*, 363 F.3d 891, 894 (9th Cir.2004).  Dismissal with prejudice is appropriate only when the complaint cannot be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).  Here, the Court finds that Plaintiff has had two opportunities to provide specific facts that might explain the basis for his claim against Albany PD and LCSD, and he provided supplemental briefing.  The Court further finds that the Amended Complaint, similar to the initial Complaint, fails to

allege a viable claim.  Allowing further amendment would be futile.

Accordingly, for the reasons stated above and those in Defendants' legal memoranda, the Court GRANTS Defendants' Albany PD and LCSD Motions to Dismiss, ECF No. 25.  Defendants Albany PD and LCSD are dismissed from this case with prejudice.

### B.    *Jones*

The Court agrees with Jones that Plaintiff's case against him is "ambiguous at best."  Jones MTD at 2.  Plaintiff's claims appear to arise from Jones' representation of Folden in state court custody proceedings.  Jones did not represent Plaintiff or form any attorney-client relationship with Plaintiff.  From the Amended Complaint, the Court gleans that Plaintiff did not agree with the result of the custody proceeding or agree with the arguments or evidence in his case.  The Court construes Plaintiff's claim against Jones as one for malpractice, also known as professional negligence. Jones argues that, to state a claim for professional negligence, the first element Plaintiff must allege and prove is a "duty that runs from the defendant to the plaintiff."  *See Stevens v. Bispham*, 316 Or. 221, 227, 851 P.2d 556 (1993) (elements to state a claim for professional negligence).

Plaintiff cannot state a claim for professional negligence against Jones.  There is no dispute that Jones was Plaintiff's former partner's attorney in a case directly adverse to Plaintiff and that Jones owed Plaintiff no professional legal duty.  The Court further determines that any amendment would be futile, and that an amended complaint would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843

(9th Cir. 1991). Amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Next, because Plaintiff does not reference any federal statute or provision of the Constitution that could be at issue, the Court construes Plaintiff's allegations that Jones engaged in slander, "misuse" of the case, and fraud to mean that Plaintiff did not agree with the arguments or evidence Jones provided in Plaintiff's family law case. To the extent that Plaintiff disagrees with the evidence or arguments Jones presented to the state court during Jones' representation of Folden, this Court has no jurisdiction over such claims. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation.' For that matter, the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter."). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Plaintiff responds, modifying his allegations and stating that Jones "colluded"

with judges and forged the judges' signature.   ECF No. 29 at 1.   Plaintiff's bare assertions do not constitute a "cognizable legal theory," and, in the absence of sufficient facts alleged under a cognizable legal theory", the Court finds dismissal proper.   *See Conservation Force,* 646 F.3d at 1241-42.

Accordingly, for the reasons stated above and in Jones legal memoranda, the Court GRANTS Jones' Motion to Dismiss, ECF No. 20.   The Court finds that Plaintiff has had two opportunities to state a viable claim via his initial and amended pleadings, and that Plaintiff has supplemented his factual allegations against Jones, ECF No. 30.   The Court concludes that Plaintiff has not stated a viable claim. Because the Court determines that amendment would be futile as to Jones, Jones is dismissed from the case, with prejudice.   *Eminence Capital,* 316 F.3d at 1052.

### C.   *OSCU*

Defendant OSCU moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), for failure to state a claim under Rule 12(b)(6), and for failure to properly serve under Rule 12(b)(5).

As a threshold matter, the Court determines that it lacks subject matter jurisdiction to hear Plaintiff's claims against OSCU.   Though Plaintiff checked the box for "federal jurisdiction," he did not set forth any allegation that the matter arises under a federal statute, treaty or the U.S. Constitution.   Plaintiff alleges that OSCU destroyed "federal documents," but does not specify what documents were destroyed or how that violated federal law.   Plaintiff also alleges that OSCU "falsif[ied] Federal Bank Records" and  attached images of his bank and loan account history as exhibits.

Following review of all allegations and exhibits, it is impossible for the Court to discern what federal cause of action is at issue based on that allegation.

To the extent that Plaintiff's allegations of fraud, stalking, money laundering, and tampering with evidence assert violations of federal criminal statutes, such statutes do not generally create a private right of action or provide a basis for civil liability. *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020). Lastly, Plaintiff alleges, in a single word, "neglect." The Court liberally construes it as a claim for negligence, which is not a federal cause of action. The Court accordingly lacks subject matter jurisdiction over Plaintiff's claims against OSCU.

Even if the Court did not lack subject matter jurisdiction, the Court agrees with OSCU that Plaintiff failed to state a claim and that dismissal is proper under Rule 12(b)(6). The Court explained to Plaintiff in its previous Order that his Complaint did not set forth facts sufficient to understand what, in Plaintiff's view, happened that caused the harm he alleges. Having reviewed each of Plaintiff's exhibits and the Amended Complaint the Court cannot ascertain what Plaintiff asserts OSCU to have falsified or destroyed, or any fact about what Plaintiff believes OSCU did that was wrong.

Finally, service was not proper. Rule 4 requires that the person effectuating service "is . . . not a party." Fed. R. Civ. P. 4(c)(2). Plaintiff, who is "a party," signed the Return of Service form, purporting to personally serve OSCU.

In response, Plaintiff further alleged that his "bank statements show mass amounts of money" going through his "account every month ranging from 18,000 to

10,000 when [he] only made 24,000 a year," and that his "apr is constantly growing

from .03-1.53 like no money ever left [his] account."  Plaintiff's attached exhibits show

that he himself transferred money into the account in question from his own, separate

savings account and that his APR did not grow.  *See* ECF No. 32 at 5-6.  Plaintiff also

asserts that his bank account was closed for fraud and that he changed account

numbers.  It is not clear from that allegation what law Plaintiff believes was violated.

None of Plaintiff's assertions elucidate his alleged claims against OSCU, nor do they

cure the failure to state a plausible or coherent claim for relief in the Amended

Complaint.

Accordingly, for the reasons explained above, and in OSCU's legal memoranda,

OSCU's Motion to Dismiss, ECF No. 21, is GRANTED.  The Court finds that Plaintiff

has had ample opportunity to cure the defects in his Complaint.  It has become clear

to the Court that any amendment would be futile.  Therefore, OSCU is dismissed

from this case with prejudice.  *Eminence Capital,* 316 F.3d at 1052.

## II.    Plaintiff's Motions for Default

Plaintiff filed Motions for Default against Linn County Court House, ECF No.

21 and 58, and against the FBI, ECF Nos. 33 and 56.  In each of his motions, Plaintiff

argues that Linn County Court House and the FBI failed to respond to or recognize

his civil summons.

Review of Plaintiff's Return of Service shows that Plaintiff failed to properly

serve any Defendant in this case, including Linn County Court House and the FBI.

*See* ECF No. 16.  For the FBI, Plaintiff checked the box noting that he "served the

Page 16 – OPINION AND ORDER

summons on" an individual.  In the field requiring the name of the individual, Plaintiff wrote "Federal [Bureau] of investigations."  Plaintiff describes the place of service as "Salem, Or FBI office."  ECF No. 16 at 2.  For Linn County Court, Plaintiff wrote that he served a person named Richard Wijers.  Plaintiff described the place of service as "Linn County Courthouse."  It is not clear whether the person to whom Plaintiff handed the summons is authorized to receive service for Linn County Court House.[3]  ECF No. 16 at 5.

Rule 4(c)(2) requires that the person effectuating service "is . . . *not* a party." (Emphasis added.)  Plaintiff signed the Return of Service forms purporting to personally serve Linn County Court House and the FBI.  Therefore, service is not proper because Plaintiff, a party, served both Defendants, and this Court lacks jurisdiction.

Further, absent a showing of good cause, an action must be dismissed if the summons and complaint are not served on a defendant within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  Here, more than 90 days has elapsed since Plaintiff filed his Amended Complaint and Plaintiff has failed to properly serve either the FBI or Linn County Court House.  Plaintiff is hereby ORDERED to show cause why Plaintiff's case against the FBI and Linn County Court House should not be dismissed for failure to properly serve Defendants.  Plaintiff is warned that failure to timely show cause will result in dismissal of the claims against the FBI and Linn

---

[3]    In addition, the Court seriously doubts whether "Linn County Court House" is a proper defendant in this, or any other action but reserved judgment on that issue until proper service is effected as discussed below.

County Court without further notice.  *See* LR-41.

## III.    Remaining Parties

Two parties against whom Plaintiff brought claims remain to be addressed: Folden and Les Schwab.  Plaintiff does not purport to have served either party.  In Plaintiff's Response, he concedes Les Schwab should be dismissed based on Plaintiff's inability to effectuate service.  The Court accepts that concession.  Accordingly, Les Schwab is DISMISSED from the case with prejudice.

As to Folden, the Court previously liberally construed the allegations in the Complaint and could not decipher any facts connecting Folden to Plaintiff's legal claims.  Order at 4.  Plaintiff did not amend his Complaint as to Folden.  Further, nothing in Plaintiff's Amended Complaint sheds light on any basis for relief against Folden.  The Court concludes Plaintiff has once again failed to state a claim against Folden and that granting further leave to amend would be futile.  Accordingly, the claims against Folden are DISMSSED with prejudice.

## IV.    Remaining Motions

### A.    *Plaintiff's Motion for Extension of Time and to Appoint Counsel*

Plaintiff moved to appoint pro bono counsel, ECF No. 27, and for an Extension of Time to Respond to Defendants' Motions to Dismiss and Supplemental Motion to Appoint Counsel, ECF No. 30.

As for the motion to appoint counsel, there is no constitutional right to counsel in a civil case.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).  Appointment of counsel is only appropriate in "exceptional circumstances," which

require an analysis of "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court has reviewed Plaintiff's request according to the standards in relevant caselaw, but the Court does not find that Plaintiff's circumstances are exceptionally different from the majority of the challenges faced by pro se litigants. *See e.g.*, *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (finding no exceptional circumstances where litigant failed to offer admissible evidence); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (concluding that lack of access to legal materials constituted the type of "difficult[y] which any litigant would have in proceeding pro se" and was therefore not an "exceptional factor[ ]"). The fact that a pro se litigant would be better served with the assistance of counsel does not necessarily qualify Plaintiff to be appointed pro bono counsel. See *Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel does not require appointment of counsel). Accordingly, the Court DENIES Plaintiff's Motion to Appoint Counsel, ECF No. 27.

Along with Plaintiff's supplemental request to appoint counsel, ECF No. 30, Plaintiff moved for Extension of Time to Respond to Defendants' Motions to Dismiss. Before the Court ruled on that motion, Plaintiff filed his Response, ECF No. 29. Defendants replied. ECF Nos. 31 and 32. The Court carefully reviewed and fully considered Plaintiff's Response in this Opinion and Order. Accordingly, The Court

DENIES Plaintiff's Motion for Extension of Time to Respond, ECF No. 30, as moot.

### B.    *Motion to Unseal*

Plaintiff moves the court to unseal this case "for honesty."  ECF No. 12. However, Plaintiff filed as exhibits over 500 pages of unredacted documents containing sensitive information about his minor children, including the names and addresses of his minor children, his own personal bank account numbers, credit card numbers, and details of his custody proceedings.  Plaintiff also filed as exhibits Department of Human Services reports that concern his own behavior, which the state court deemed to place his children in "imminent danger", and how Plaintiff's behavior impacted his children.  Therefore, the Court declines to unseal this record, finding that the compelling interest in privacy held by Plaintiff's minor children— whose interests are not represented in this case—outweighs any benefit the public may have in accessing this record.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.") (internal quotation marks and citation omitted).  Accordingly, Plaintiff's Motion to Unseal, ECF No. 12, is DENIED.

### C.    *Remaining Motions*

Due to the early stage of litigation, and the fact that multiple Defendants have been dismissed from this case, the Court DENIES Plaintiff's Motion for Alternate Dispute Resolution, ECF No. 51, and DENIES Plaintiff's Motion for Conflict of

Interest, ECF No. 52.  Defendant's Motion to Stay Discovery, ECF No. 49, is DENIED as moot, because OSCU has been dismissed from this case.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss, ECF Nos. 20, 21, and 25 are GRANTED.  Defendant's Motion to Stay Discovery, ECF No. 49, is DENIED as moot.  The Court DENIES Plaintiff's Motion to Unseal the Case, ECF No. 12; Motion to Appoint Counsel, ECF Nos. 27 and 30; Motions for Entry of Default Judgment, ECF Nos. 28, 33, 56, and 58; Motion for Alternate Dispute Resolution, ECF No. 51; and Motion for Conflict of Interest, ECF No. 52.  Within fourteen (14) days of the date of this Order, Plaintiff is ORDERED to show good cause in writing why he has not properly served Defendants FBI and Linn County Court House.

It is so ORDERED and DATED this _____14th_____ day of July 2022.


      /s/Ann Aiken_____
ANN AIKEN
United States District Judge